UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL DOBBIE and JANICE DOBBIE, <br><br> Plaintiffs, <br><br> v. <br><br> BREMEN POLICE DEPARTMENT, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 3:17-CV-430 JD |

## OPINION AND ORDER

Pro se plaintiffs, Michael Dobbie and Janice Dobbie, filed a complaint against various defendants after a welfare check on an individual located in Mr. Dobbie's home resulted in a warrantless search of the home, as well as the arrest and prosecution of Mr. Dobbie for possession of marijuana and paraphernalia. Construing the pro se claims liberally, it appears that plaintiffs assert Fourth and Fifth Amendment claims against the Bremen Police Department and Bremen Police Officers Bradley Kile and Ronald Rybicki (counts 1 and 2) for unlawful search, seizure, and arrest; a Sixth Amendment claim against the Marshall County Prosecutors' Office and Prosecutors Lynn Berndt and Matthew Sarber (count 3) pertaining to the state charges; and, a state claim for intentional infliction of emotional distress ("IIED") against all six of the defendants (count 4).

Rather than file answers to the complaint, the defendants moved to dismiss the complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6)[1] and provided the requisite *Lewis v.*

---

[1] Plaintiffs assert that because the defendant prosecutors failed to file an answer by September 1, 2017, then default judgment should be entered against them [DE 29]. But plaintiffs are mistaken because defendants did not fail to appear and defend when they filed a motion to dismiss instead of a responsive pleading. Accordingly, the plaintiffs' motion for default judgment [DE 29] is

*Faulkner* notices. The individual prosecutors (and their employer) allege that they are entitled to absolute immunity [DE 21]. The individual officers (and their employer) allege that the claims against them are barred by the statute of limitations and that the facts fail to support the claims alleged [DE 25; DE 37]. Plaintiffs oppose the motions to dismiss [DEs 33-36]. On a referral, the magistrate judge recommended that the Court grant both motions in their entirety [DE 43]. Plaintiffs have objected to that recommendation [DE 46], which then generated responses from defendants [DEs 47-48]. For the reasons that follow, the Court grants the motions with respect to the federal claims and denies the motions with respect to the state claim because the Court declines to exert supplemental jurisdiction over it.

## I. FACTUAL BACKGROUND

The facts viewed in the plaintiffs' favor are as follows. On April 2, 2015, Officers Kile and Rybicki arrived at Mr. Dobbie's residence to conduct a wellness check on a female guest of Mr. Dobbie. After entering the home without permission and finding that the guest was okay, the officers conducted a search of the premises over Mr. Dobbie's objection and discovered a pipe typically used for drugs. After threatening to return with a narcotics detection dog, Mr. Dobbie turned over a small amount of marijuana to the officers. The marijuana and paraphernalia were seized and Mr. Dobbie was arrested, but he was never provided *Miranda* warnings during the encounter.

Mr. Dobbie bonded out of jail the following day, but was charged with possession of marijuana and paraphernalia. As part of his defense, Mr. Dobbie filed a motion to suppress the evidence seized during the search of his residence. On March 3, 2016, the evidentiary hearing on the motion was held; and on March 17, 2016, the judge found that the warrantless entry, search,

---

DENIED at this time because defendants are actively defending themselves. *See* Fed. R. Civ. P. 55.

and seizure were illegal, which required that the evidence obtained during the search be suppressed. On June 15, 2016, Prosecuting Attorney Sarber moved to dismiss the criminal charges against Mr. Dobbie and the motion was granted on the same day.

The plaintiffs filed their pro se complaint on June 2, 2017. Counts 1-3 imply an action under 42 U.S.C. § 1983. Specifically, in count 1, plaintiffs allege that Officers Kile and Rybicki violated Mr. Dobbie's Fourth Amendment rights by conducting an unlawful search of his home on April 2, 2015. In count 2, plaintiffs allege that by threatening to further search the home and then arresting Mr. Dobbie on April 2, 2015, Officers Kile and Rybicki violated Mr. Dobbie's Fifth Amendment rights by "forc[ing him] to be a witness against himself," depriving him "of his liberty without due process of law," and failing to "read him his rights." In count 3, plaintiffs allege that Mr. Dobbie was "denied the right to a speedy disposition or trial," as protected by the Sixth Amendment, because the "prosecuting attorneys" took about fourteen months to determine that they did not have a case against him. The plaintiffs contend that the prosecutors delayed the case because they "should have known that the search conducted was illegal and that Mr. Dobbie was not read his *Miranda* Rights." In count 4, the plaintiffs allege that the stress and expenses incurred as a result of the criminal prosecution of Mr. Dobbie support a claim for IIED. Mr. Dobbie explains that for "well over a year [he] did not know his fate" and that having to post bond, pay attorney's fees, and attend court hearings were financially and emotionally stressful on him. Ms. Dobbie (whose relationship to Mr. Dobbie is unclear) alleges that the situation was equally stressful on her, even though she has lived in Michigan the entire time.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all

3

reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

That same standard of review applies to the Court's review of the magistrate judge's report and recommendation. Under Federal Rule of Civil Procedure 72(b)(3), the district court must undertake a *de novo* review "of those portions of the magistrate judge's disposition to which specific written objection is made." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995); *see also* 28 U.S.C. § 636(b)(1). Given the plaintiffs' objections to the magistrate judge's recommendations, the Court evaluates the sufficiency of the complaint *de novo*.

### III.  DISCUSSION

The defendants moved to dismiss the plaintiffs' pro se complaint in its entirety. The Court first considers the federal claims and explains why these claims are subject to dismissal. The Court then considers the state claim and explains why it declines to exert supplemental jurisdiction over it.

A.     **Counts 1-2: Federal Claims against Bremen Police Department and Individual Officers**

The Bremen Police Department and Officers Kile and Rybicki seek dismissal of the Fourth and Fifth Amendment claims as barred by the applicable statute of limitations. They further contend that plaintiffs have failed to sufficiently plead a violation of the Fifth Amendment. For the following reasons, the Court finds that plaintiffs' Fourth Amendment claim (count 1) is barred by the statute of limitations, and that plaintiffs' Fifth Amendment claim (count 2) is insufficiently pled.

With respect to the Fourth Amendment claim (count 1), the parties do not dispute when the claim accrued.[2] Case law makes clear that any claims for Mr. Dobbie's alleged unlawful search and seizure occurred on April 2, 2015; however, it must be clarified that any claim for unlawful detention would have accrued the following day when Mr. Dobbie was released from jail. *Manuel v. City of Joliet, Illinois*, No. 14-1581, 2018 WL 4292913, at *1-2 (7th Cir. Sept. 10, 2018) (holding that "[w]hen a search or seizure causes injury independent of time spent in custody, the claim accrues immediately; but when the objection is to the custody, a different approach must control . . . . [thus,] the end of detention starts the period of limitations."). Therefore, the only outstanding dispute and portion of the report and recommendation to which the plaintiffs object is the magistrate judge's conclusion that a two-year, rather than a five-year, statute of limitations applies to count 1.

"Federal law does not set the limitations period in § 1983 actions." *Ray v. Maher*, 662 F.3d 770, 772–73 (7th Cir. 2011). "In order to determine the proper statute of limitations for

---

[2] Federal law governs accrual questions. *Johnson v. Winstead*, 900 F.3d 428, 434 (7th Cir. 2018).

§ 1983 actions, a federal court must adopt the forum state's statute of limitations for personal injury claims." *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)); *see also* 42 U.S.C. § 1988(a). Indiana has a two-year statute of limitations for personal injury claims. Ind. Code § 34-11-2-4(a). However, Indiana also has a five-year statute of limitations for "action[s] against a sheriff; another public officer; or the officer and the officer's sureties on a public bond; growing out of a liability incurred by doing an act in an official capacity, or by the omission of an official duty . . ." Ind. Code § 34-11-2-6.[3] For that reason, the plaintiffs cite *Blake v. Katter*, 693 F.2d 677 (7th Cir. 1982) for the proposition that the longer Indiana statute of limitations for actions against public officials applies. However, the Supreme Court's 1985 decision in *Wilson v. Garcia* overruled the Seventh Circuit's holding in *Blake*. *See Coopwood v. Lake Cty. Cmty. Dev. Dep't*, 932 F.2d 677, 679 (7th Cir. 1991) ("The *Blake* holding, however, was overruled by the Supreme Court on April 17, 1985, in *Wilson*. We think an Indiana plaintiff could not rely on it after that, either as to a section 1981 or section 1983 action."). The *Blake* decision, as specifically held by the Seventh Circuit, cannot be relied upon as good law; and, thus, the two-year statute of limitations undisputedly applies. *See Campbell v. Chappelow,* 95 F.3d 576, 580 (7th Cir. 1996); *Bebout v. Thomas*, 409 F. App'x 27, 29 (7th Cir. 2011). Accordingly, the Dobbie's Fourth Amendment claim was filed almost five months too late and must be dismissed with prejudice.

While the Court recognizes that the statute of limitations is an affirmative defense that need not be anticipated in the complaint to survive a motion to dismiss, *see United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005), in the instant case the plaintiffs have pled themselves out of court by pleading facts that establish an impenetrable defense to their claim. *Tamayo v.*

---

[3] The statute was previously codified at Indiana Code § 34-1-2-2.

*Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). And because "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense" and nothing suggests that a tolling argument is somehow applicable, the Court dismisses with prejudice the Fourth Amendment claim (count 1) as precluded by the statute of limitations. *Lewis*, 411 F.3d at 842; *see Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (granting motion to dismiss based on statute of limitations defense where the relevant dates were set forth unambiguously in the complaint); *see also Johnson v. City of S. Bend*, 680 F. App'x 475, 478–79 (7th Cir. 2017).

With respect to the Fifth Amendment claim (count 2), the plaintiffs mention in passing that the officers did not read Mr. Dobbie his *Miranda* warnings at the time of his arrest; and, thus, plaintiffs appear to assert a violation of Mr. Dobbie's right against self-incrimination. But such a claim is not cognizable unless Mr. Dobbie made inculpatory statements to police during coercive custodial questioning that were used against him in the criminal case. *Chavez v. Martinez*, 538 U.S. 760, 766–67 (2003) (failure to give *Miranda* warning alone is not actionable under the Fifth Amendment unless the defendant gave a statement in response to coercive police questioning that was used against him in a criminal proceeding); *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1024–25 (7th Cir. 2006) ("After *Chavez* . . . a violation of the *Miranda* safeguards cannot provide the basis for § 1983 liability without use of a suspect's statements against him in a 'criminal case.'"). Here, the complaint does not allege, nor can it be plausibly inferred, that Mr. Dobbie made an inculpatory statement to police while in custody or that such a statement was used against him in court. Rather, the complaint only indicates that Mr. Dobbie repeatedly asked the officers to leave the premises. And while outside of the home (and before Mr. Dobbie was arrested), Officers Rybicki and Kile threatened to return with a drug detection dog and then Mr. Dobbie gave officers his marijuana. Even looking to the complaint's exhibit

7

(which consists of the state court's suppression order), it appears that the officers asked about the presence of marijuana; and in response, Mr. Dobbie produced a bag of marijuana [DE 1-1 at 2]. But these sparse facts fail to identify any statements imputing Mr. Dobbie's guilt, and it is entirely unclear whether any such statements served as a basis for the filing of the state charges or whether they were presented at the suppression hearing.[4] Moreover, while Mr. Dobbie alleges that he was deprived of his liberty without due process of law, it is unclear what actionable harm he could have suffered. *See, e.g., Townsend v. Wilson*, 652 F. App'x 449, 454 (7th Cir. 2016) (having to appear in court and defend charges, being released the following morning after an arrest, and paying a bond is not actionable). Accordingly, plaintiffs' Fifth Amendment claim is to be dismissed without prejudice as insufficiently pled.

**B.      Count 3: Federal Claim against the Marshall County Prosecutors' Office and Individual Prosecutors**

In their motion to dismiss, the Marshall County Prosecutors' Office and Prosecutors Lynn Berndt and Matthew Sarber argue that the federal claim against them should be dismissed because they are entitled to absolute immunity because of their role as prosecuting attorneys.

"A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties." *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) (citing *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)). Whether or not an action falls within the scope of his prosecutorial duties depends upon its function. *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)). "The analysis hinges on

---

[4] Thus, the Court is unable to make a determination as to when the alleged violation accrued or whether the claim is time-barred. *See Sornberger,* 434 F.3d at 1024 (concluding that any "courtroom use" of a statement derived from custodial interrogation is covered by the privilege and thus *Miranda*); *see also, Foss v. Bear, Stearns & Co.*, 394 F.3d 540, 542 (7th Cir. 2005) ("Unless the complaint alleges facts that create an ironclad defense," however, "a limitations argument must await factual development" of the record).

whether the prosecutor is, at the time, acting as an officer of the court, as well as on his action's relatedness to the judicial phase of the criminal process." *Fields*, 672 F.3d at 510 (citing *Imbler*, 424 U.S. at 430, 431 n. 33). In order to preserve "the functioning" of a prosecutor's public office, absolute immunity applies to "any action directly relevant to a prosecutor's ability to conduct a trial." *Van de Kamp*, 555 U.S. at 344–45.

In count 3, the plaintiffs reference the suppression hearing and resulting motion to dismiss the state charges. Both of those events involve the prosecutors acting as officers of the court and presenting the state's position to the court. As such, they qualify as actions taken during judicial proceedings which are shielded by absolute immunity. *See id*. The plaintiffs also contend that the prosecutors improperly brought and maintained the charges (and delayed trial)[5] despite knowledge of the illegal search and lack of any *Miranda* warnings. Yet, absolute immunity still applies to a prosecutor's decision to bring and maintain the prosecution even after learning it was unsupported. *Fields*, 672 F.3d at 510; *Davis v. Zirkelbach*, 149 F.3d 614, 617 (7th Cir. 1998). Therefore, Prosecutors Berndt and Sarber are shielded from liability for pursuing and then dismissing the case against Mr. Dobbie.

The plaintiffs argue that absolute immunity was never intended to apply to § 1983 actions. Yet, the authority that they rely upon to support their argument is not persuasive. For instance, Plaintiffs rely on a Seventh Circuit case that concluded "public defenders, like state

---

[5] To the extent plaintiffs allege a violation of Mr. Dobbie's speedy trial rights, no such violation could have occurred because the charges were ultimately dropped before any trial took place. *United States v. Samples*, 713 F.2d 298, 301 (7th Cir. 1983) (citing *United States v. MacDonald*, 456 U.S. 1, 8 (1982) ("Once charges are dismissed, the speedy trial guarantee is no longer applicable.")); *see also United States v. Koller*, 956 F.2d 1408, 1413 (7th Cir. 1992) ("The initiation of charges inevitably has adverse effects upon the accused, but once the charges are dismissed, the accused is 'legally and constitutionally in the same posture as though no charges had been made.'") (quoting *MacDonald*).

9

prosecutors, and state and city attorneys, enjoy a qualified immunity for acts performed in the discharge of their official duties." *John v. Hurt*, 489 F.2d 786, 788 (7th Cir.1973). But this case predates *Imbler*. Further, in objecting to the report and recommendation, the plaintiffs contend that the prosecutors are only entitled to qualified immunity based on *Daniels v. Kieser*, 586 F.2d 64 (7th Cir. 1978) and *Auriemma v. Montgomery*, 860 F.2d 273 (7th Cir. 1988). However, those cases actually solidify the application of absolute immunity when the allegations consist of a prosecutor's failure to investigate and becoming involved only after the relevant incident had concluded. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (noting that when a prosecutor is "searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested," then the prosecutor is acting as a detective and is not entitled to greater immunity).

Ultimately, the plaintiffs' allegations against the prosecutors (and, implicitly against their employer) concern actions taken in performing their prosecutorial duties, and therefore the plaintiffs are unable to overcome the application of *Imbler* to their facts. Accordingly, count 3 must be dismissed without prejudice because the facts as alleged indicate that the prosecutors are entitled to absolute immunity. *See, e.g., Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (noting that a pro se plaintiff should be given an opportunity to amend his complaint before the Court dismisses it with prejudice).

**C.     Count 4: Intentional Infliction of Emotional Distress against all defendants**

That leaves the claim arising under state law, over which this Court has supplemental jurisdiction. Under 28 U.S.C. § 1367, a district court "may decline to exercise supplemental jurisdiction" over state-law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "Although the decision is discretionary, 'when all

10

federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims.'" *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) (quoting *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010)). "The presumption is rebuttable, 'but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law.'" *Id.* (quoting *Khan v. State Oil Co.*, 93 F.3d 1358, 1366 (7th Cir. 1996)).

Relinquishing supplemental jurisdiction is appropriate here. The federal claims have been resolved at an early stage of the case, and the remaining claim involves various issues of state law, such as whether the plaintiffs' allegations give rise to relief under state law, whether the prosecutors are entitled to certain immunities recognized under state law, and whether the claim against the officers would be subject to the state law's lengthier statute of limitations which applies to claims against public officers. Comity dictates that the state courts should have the opportunity to address those questions of state law. *Hansen v. Bd. of Tr. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008) ("When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction pursuant to § 1367(c)(3)." (internal citations omitted)). Therefore, the Court relinquishes jurisdiction over the IIED claim alleged against all of the defendants.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motions to dismiss [DE 21; DE 25] as to the federal claims, and relinquishes supplemental jurisdiction over the state claim, which is dismissed without prejudice. The Court ADOPTS the report and recommendation [DE 43] in part, to the extent it is consistent with these holdings. Plaintiffs' motion for an entry of default judgment [DE 29] is DENIED. Plaintiffs are permitted until October 29, 2018 to file an amended

complaint setting forth sufficient allegations of fact establishing a Fifth Amendment violation by the officers and/or a Sixth Amendment violation by the prosecutors not barred by absolute immunity, in which case the state claim for IIED could also be re-pled. If no amended complaint is timely filed, then judgment will be entered and the case closed.

    SO ORDERED.

    ENTERED: September 24, 2018

                                                 /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court